## HANNAH LEARNED *versus* PLINY CUTLER.

S. L. joined with his wife in executing a deed, with covenants of warranty on his
part, which contained the following clauses : " I, S. L. and H. L., wife of S. L.,
(in her right as to one quarter part of the hereinafter described and granted prem-
ises,) in consideration of &c., do hereby give, grant, sell and convey unto B. all
right, title and interest, which we have in and to " certain land ; " three undi-
vided quarter parts of the land hereby conveyed, belong to S. L. in his own right,
in fee, and the remaining fourth part belongs to S. L. and to H. L., his wife, in
fee, in her right ; " " to have and to hold the aforegranted premises to B," &c. ;
" in witness whereof we, S. L., and H. L., my wife, in token of our conveyance
of all right, title and interest, whether in fee or in freehold, in the premises, have
hereunto set our hands," &c. It was *held*, that the wife was barred by such deed,
of her right to dower in the three undivided fourth parts of the land which belonged
to her husband. [See Revised Stat. *c.* 60, § 7.]

WRIT of dower. The parties stated a case. It appeared,
that on June 30th, 1824, the demandant and one Samuel Learn-
ed, who then, and until his decease in 1832, was the husband
of the demandant, executed a deed containing the following
clauses :

" Know all men by these presents, that I, Samuel Learned
of &c., and Hannah Learned, wife of said Samuel, (in her
right as to one quarter part of the hereinafter described and
granted premises,) in consideration of thirty thousand dollars
paid by the city of Boston, the receipt whereof we do hereby
acknowledge, do hereby give, grant, sell and convey unto the
said city of Boston, all right, title and interest which we have
in and to " the premises described in the writ, together with
other adjacent lands. " Three undivided quarter parts of each

of said pieces of land hereby conveyed, belong to said Samuel Learned, in his own right, in fee, and the remaining fourth part of each of said pieces belongs to said Samuel Learned and to said Hannah, his wife, in fee, in her right. To have and to hold the aforegranted premises to the said city of Boston and their assigns, to their use and behoof forever. And I, Samuel Learned, do covenant with the said city of Boston and their assigns, that I am lawfully seised in fee of the aforegranted premises as specified above, and I and the said Hannah are lawfully seised in fee of the aforegranted premises as above specified, that they are free of all incumbrances, that we have a good right to sell and convey the same to the said city of Boston, and that I will warrant and defend the same premises to the said city of Boston and their assigns forever, against the lawful claims and demands of all persons. In witness whereof, we, the said Samuel Learned and Hannah Learned, my wife, in token of our conveyance of all right, title and interest, whether in fee or in freehold, in the premises, have hereunto set our hands and seals," &c.

The consideration mentioned in the deed was the estimated value of the land conveyed.

The tenant was in possession of the premises described in the writ, deriving his title thereto, through sundry mesne conveyances, from the city of Boston. The demandant claimed dower in the three undivided fourth parts thereof, of which her deceased husband was seised in fee.

If the Court should be of opinion, that the demandant was dowable of the premises, judgment was to be rendered accordingly ; if otherwise, the demandant was to become nonsuit.

*H. H. Fuller*, *Washburn* and *T. Bigelow*, for the demandant, cited *Fowler* v. *Shearer*, 7 Mass. R. 14 ; *Powell* v. *Munson*, 3 Mason, 349 ; *Catlin* v. *Ware*, 9 Mass. R. 218 ; *Lufkin* v. *Curtis*, 13 Mass. R. 223 ; *Hall* v. *Savage*, 4 Mason, 273 ; 4 Kent's Comm. 58 ; *Leavitt* v. *Lamprey*, 13 Pick. 382 ; *Charles* v. *Andrews*, 9 Mod. 151 ; *Birmingham* v. *Kirwan*, 2 Sch. & Lefr. 452 ; 4 Wheeler's Pract. Abr, 576 , *Lithgow* v. *Kavenagh*, 9 Mass. R. 161 ; Stearns on Real. Actions, 288, 289 ; Jackson on Real Actions, 325, 326 ; Story's Pleadings (Oliver's edit.), 408, 409 ; *Stinson* v

*Sumner*, 9 Mass. R. 143 ; *Gooch* v. *Atkins*, 14 Mass. R. <span>Learned<br>*v.*<br>Cutler.</span>
378 ; Park on Dower, 192, 334 ; *Jackson* v. *O'Donaghy*, 7
Johns. R. 247 ; *Jackson* v. *Vanderheyden*, 17 Johns. R. 167 ;
*Lampet's case*, 10 Coke, 49 ; Gilbert's Tenures, 26 ; *Croade*
*v. Ingraham*, 13 Pick. 33.

*J. Pickering*, for the tenant, cited Anc. Chart. 99, 304 ;
*Eare* v. *Snow*, Plowden, 514 ; *Stearns* v. *Swift*, 8 Pick.
532 ; *Gordon* v. *Haywood*, 2 New Hampsh. R. 402 ; 4
Bythewood's Convey. 173.

WILDE J. delivered the opinion of the Court. This is a *March 14th.*
writ of dower, and it is admitted by the facts agreed, that the
demandant is entitled to recover unless she is barred by the
deed made by her jointly with her late husband, to the city of
Boston, under which the tenant claims. The case, therefore,
must turn upon the construction to be given to that deed.

The general question, as to what acts of the wife shall be
sufficient by our laws to bar her claim of dower, has been
frequently considered by this Court, and is well settled. She
must not only join with her husband in a deed of conveyance
of the land by executing the deed, the conveyance being made
by him, but the deed must contain apt words of grant or re-
lease on her part ; and if it does, it will bar her right of dower,
although she had no vested title in the land at the time of the
conveyance, and no title passed from her to the grantee. The
grant or release of the wife operates by way of estoppel or ex-
tinguishment of her right, so as to bar any future claim of dow-
er which may accrue to her after the death of her husband.
The usual form is for the wife simply to relinquish or release
her right of dower ; but words of grant are equally efficacious ·
and proper to bar her right ; for in neither case does her deed
pass any title to the estate. So it is not necessary that she
should release or grant her right of dower *eo nomine*, any other
words showing an intention on her part to relinquish her dower,
will be sufficient. And if she joins her husband in the sale,
and undertakes to convey the land jointly with him, this gen-
erally would be a sufficient indication of her intention to ex-
clude herself from any claim of dower. By joining in the
words of grant she must be understood to give or intend to
give all the right and title she was capable of giving, whether

by way of passing an estate or extinguishing or barring a right depending on a contingency. It is, therefore, no objection, that the wife has nothing which can pass by grant ; for if it can operate in any other way, so as to confirm the title of the grantee, it will be sufficient. If it were otherwise, an express release or conveyance of the right of dower would have no legal operation ; for the wife cannot convey or release any right which she does not possess at the time of the conveyance or release. But by joining her husband in the sale, she bars her right of dower by the plain construction of the *St.* 1783, *c.* 37, § 5, by which it is provided, that the widow of any vendor shall be entitled to dower unless she has joined her husband in the sale of the land, or has otherwise lawfully barred or ex-cluded herself from her dower. Now the wife cannot in any way more fully join her husband in a sale, than by joining in the words of grant ; and where she does thus join, she is clearly barred, unless there is some reservation in the deed, of her right of dower, or unless it appears from the language of the deed, that such reservation was intended to be made.

Upon these principles, the construction of the deed in ques-tion appears very clear. The demandant joined her husband in the sale of the land in which she demands dower, and they expressly give, grant, sell and convey all their right, title and interest therein. It makes no difference that the demandant had a title to a part in her own right in fee ; the words of con-veyance extend to the whole ; and it makes no difference, as has been already stated, that the wife had no vested right of dower in her husband's share of the premises at the time of the conveyance ; so that the conveyance is as effectual to bar her dower, as it was to pass any vested rights she might then have in any part of the land.

But it has been argued, that these general words are restrain ed and limited by the words afterwards introduced at the close of the deed. The words are : " In witness whereof we the said Samuel Learned and Hannah Learned, my wife, in token of our conveyance of all right, title and interest, whether in fee or in freehold, in the premises, have hereunto set our hands and seals," &c.

But we think it is manifest that this clause in the deed, so far

from limiting and restricting the general words of grant, confirms their legal operation, and shows, that the deed was intended by the parties to operate so as to bar the husband's right as tenant by the curtesy in his wife's share, and to bar her right of dower in her husband's share. The word *freehold* can have no other meaning. Whether the husband had, at the time of the conveyance, a vested right of freehold in his wife's share of the lands does not appear ; but if he had, the fact would not vary the construction of this clause in the deed. The husband and wife were seised in fee, in her right, of her share of the estate ; and that share would clearly pass by the general words of the deed, and by the husband's covenants to that effect ; so that the word *freehold* seems more particularly applicable to the wife's contingent right of dower than to the husband's right as tenant by the curtesy ; but in no respect can it be considered as limiting the general words of conveyance.

*Demandant nonsuit.*